United States was at war with Germany and Czechoslovakia was entirely und: ·
the control of Germany. From the record, it did not appear that the said stam~. ·
ever were or could be used as postage stamps, i. e., for mailing purposes, and th
legal authority of the so-called Czechoslovak Government in exile to sanctic·.
the issuance of the stamps was not shown. However commendable the effc·~
was to raise funds by the issuance of the stamps in question, it was held that the
record did not furnish any competent proof that the stamps are in fact postage
stamps within the purview of paragraph 1771. The protest was therefore
overruled.

**No. 50931.**—Protests 881111–G, etc., of B. N. Gupta Co. et al. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400
the court dismissed the protests.

BEFORE THE THIRD DIVISION, MARCH 6, 1946

**No. 50932.**—Protests 44115–K, etc., of J. L. Hudson Co. (Detroit).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court
found that the facts herein agreed upon were such as to bring the case within the
holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record
was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided
February 5, 1945.) In accordance therewith it was held that the currency of the
invoices should be converted at the buying rate in the New York market at noon
on the day of exportation (the "free" rate of exchange for pounds sterling), as
certified by the Federal Reserve bank and set forth by the collector on each of
the entries. The protests were sustained to this extent.

**No. 50933.**—Protests 44801–K/89791, etc., of J. E. Bernard & Co., Inc., et al.
(Chicago).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court
found that the facts herein agreed upon were such as to bring the case within the
holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record
was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided
February 5, 1945.) In accordance therewith it was held that the currency of the
invoices should be converted at the buying rate in the New York market at noon
on the day of exportation (the "free" rate of exchange for pounds sterling), as
certified by the Federal Reserve bank and set forth by the collector on each of
the entries. The protests were sustained to this extent.

**No. 50934.**—Protests 121244–K, etc., of Balfour, Guthrie & Co., Ltd., et al.
(New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the
court dismissed the protests.